IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLAN K. MARSHALL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PORTFOLIO RECOVERY ASSOCIATES, INC. & MONIQUE BAILEY | : | NO. 09-0306 |

O'NEILL, J.                                                                                                  August   12   , 2009

## MEMORANDUM

Plaintiff Allan Marshall filed a complaint against defendants Portfolio Recovery Associates, Inc. and Monique Bailey on January 2, 2009, with the Philadelphia Municipal Court First Judicial District of Pennsylvania. The complaint alleged that defendants had violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et. seq., as well as "the state Act." On January 22, 2009, defendants removed the case to federal court. Presently before me are the defendants' motion for judgment on the pleadings, plaintiff's reply, defendants' response and plaintiff's sur-reply thereto.

## BACKGROUND

Marshall is the attorney for Vanessa Jones, a non-party to this lawsuit. Marshall alleges that on or about December 18, 2008, Bailey, acting as an employee of Portfolio Recovery, called him regarding Jones. Marshall alleges that the phone call was "harassing, annoying and illegal." According to Marshall, Bailey was "rude," never identified her employer or occupation and did not identify herself until prompted. Marshall alleges that she was "bent on her business and wanted to rush plaintiff into a conversation" so he "hung up on her" before she could finish her

"annoying speech."

On January 5, 2009, Marshall filed a lawsuit on his own behalf against Bailey and Portfolio Recovery alleging that this phone call violated the FDCPA and the "state Act." The complaint alleged $10,000 in damages but the letter accompanying his service of the complaint on defendants offered to settle the case out of court if they sent him a cashier's check for "$9,5000"[1] by January 18, 2009.

## STANDARD OF REVIEW

A motion for judgment on the pleadings will not be granted unless the movant clearly establishes that no material issues of fact remain unresolved, and that the movant is entitled to a judgment as a matter of law. Society Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980). Thus, "[a] motion for judgment on the pleadings pursuant to Fed.R.Civ.P 12(c) is assessed under the same standard as a motion to dismiss pursuant to Fed.R.Civ.P 12(b)." Regalbuto v. Philadelphia, 937 F. Supp. 374, 376-77 (E.D. Pa. 1995), citing Nelson v. ARA Food Serv., 1995 WL 303990, at *6 n.13 (E.D. Pa. May 18, 1995).

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Typically, "a complaint

---

[1] Presumably, the plaintiff meant $9,500, not $95,000 or "nine-thousand-five-thousand dollars."

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted), see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940, 1949 (2009), explaining that Rule 8 requires more than "threadbare recitals of a cause of action" or "an unadorned, the-defendant-unlawfully-harmed-me accusation" to suffice.  A well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiff[] will ultimately prevail, only whether [he is] entitled to offer evidence to support [his] claims." Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

DISCUSSION

This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) which states that "[a]n action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

Plaintiff alleges that defendants violated § 1692c(b) of the FDCPA by "contacting a third party without plaintiff's prior consent" and § 1692e(2)(A)(5) and (10) "by misrepresenting and

3

virtually imposing herself[2] as if she was a friend" of plaintiff and failing to provide a "meaningful identification." Plaintiff also alleges that defendants violated the "state Act" by making an "illegal phone call" and by violating the FDCPA. Defendants claim, inter alia, that plaintiff lacks standing to bring an action under the FDCPA because he is not a "consumer" under the Act, that the communication in question was not prohibited by the FDCPA and that omitting a "meaningful identification" is not a cause of action under the FDCPA. Furthermore, defendants seek attorneys' fees from plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

I.    FDCPA Claims

Defendants assert that plaintiff does not have standing under the FDCPA because only "consumers" may bring an FDCPA action and plaintiff does not meet the definition of "consumer" under 15 U.S.C. § 1692a(3).[3] Plaintiff asserts that any person injured by conduct in violation of the FDCPA has standing to bring suit.

"The grant of a cause of action under the FDCPA is given to any person." Wenrich v. Cole, 2001 WL 4994, at *3 (E.D. Pa. Dec. 22, 2000), citing 15 U.S.C. § 1692k(a). "Federal courts interpret Section 1692k(a) as a broad grant available to persons who are not obligated or allegedly obligated to pay the debt that the defendant sought to collect." Id. There are several instances of non-debtors successfully bringing suit under the FDCPA. See, e.g., id., holding that parents who were targeted for collection of a child's debt which they did not guarantee had standing to pursue an FDCPA claim against debt-collector; Wright v. Fin. Serv. of Norwalk, Inc.,

---

[2] Plaintiff's complaint refers to defendants as "himself" which is an obvious typographical error, given that defendants are a woman and a corporation.

[3] Section 1692a(3) defines "consumer" as "any natural person obligated or allegedly obligated to pay a debt." Marshall does not allege that he owes a debt.

22 F.3d 647, 650 (6th Cir. 1994), holding that executrix daughter of deceased woman had standing under FDCPA where daughter opened letters to her mother that allegedly violated the FDCPA; Dutton v. Wolhar, 809 F. Supp. 1130, 1135 (D. Del. 1992), holding that son who received letter regarding debt incurred by his father of the same name had standing to bring suit under the FDCPA; Whatley v. Universal Collection Bureau Inc. (Florida), 525 F. Supp. 1204, 1206 (N.D. Ga. 1981), holding that a consumer's parents, who were not obligated on the consumer's debt, had standing to sue under the FDCPA.

However, finding that an attorney has standing as a plaintiff in an FDCPA action based on a phone call made by a debt-collector regarding the attorney's client first requires finding that a phone call made by a debt-collector to the consumer's attorney is subject to the same standards as communications between debt-collectors and "any person" under the FDCPA.

There is a split of authority regarding the application of the FDCPA to this type of communication. The Court of Appeals for the Ninth Circuit held that "communications directed solely to a debtor's attorney are not actionable under the Act." Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934 (9th Cir. 2007). The Guererro Court reasoned that, because the Act drew distinctions between consumers and attorneys and because the purpose of the Act was to protect unsophisticated consumers, the drafters of the FDCPA viewed attorneys as intermediaries capable of handling debt collection practices while consumers' loved ones lack this sophistication and should be afforded protection. Id. at 935-37; see also Kropelnicki v. Siegel, 290 F.3d 118, 127-28 (2d Cir. 2002), finding flaws with the plaintiff's argument that communications between debt-collectors and consumers' attorneys should be subject to the same standard as communications between debt-collectors and consumers; Diesi v. Shapiro, 330 F.

Supp.2d 1002, 1004 (C.D. Ill. 2004), finding that false or misleading statements by a debt-collector to a consumer's attorney were not actionable under the FDCPA; Tromba v. M.R.S. Associates, Inc., 323 F. Supp.2d 424, 428 (E.D. N.Y. 2004), applying Kropelnicki to rule that a fax sent to a consumer's attorney was not actionable under the FDCPA.

The Court of Appeals for the Fourth Circuit has taken the opposite approach, holding that communications with a consumer's attorney fit within the statutory definition of "communication" under the Act and are therefore actionable. Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 232-33 (4th Cir. 2007).

The Court of Appeals for the Seventh Circuit developed a third approach to the issue in Evory v. RJM Acquisitions Funding L.L.C., 505 F.3d 769, 775-76 (7th Cir. 2007). The Evory Court held, with respect to debt-collector communications directed towards consumers' attorneys, that a "competent lawyer" standard should apply to most communications while a "unsophisticated consumer" standard should apply to false representations made to consumers' lawyers. Id.

While the Court of Appeals for the Third Circuit has not addressed this issue, Judge Cercone of the District Court for the Western District of Pennsylvania surveyed this range of authorities and rejected the approach of the Fourth Circuit in Sayyed. Duraney v. Wa. Mut. Bank F.A., 2008 WL 4204821, at *14 (W.D. Pa. Sep. 11, 2008). Judge Cercone found:

> the reasoning of the courts in Guerrero and Kropelnicki more persuasive than that of the court in Sayyed. As the court in Guerrero observed, the Sayyed Court: 1) did not acknowledge the great weight of authority holding to the contrary; 2) relied upon the implicit assumption that the Supreme Court resolved this issue in Heintz [v. Jenkins, 514 U.S. 291 (1995)] because the communication in that case was sent to the consumer's attorney, but that fact was not addressed by anyone; and 3) found support in § 1692c(a)(2) that actually cuts in the opposite direction, demonstrating that the Act contemplates

different roles for and different treatment of attorneys and their clients. [Guerrero] 499 F.3d at 938.

Duraney, 2008 WL 4204821, at *14.

I find Judge Cercone's reasoning to be persuasive. Thus, I join Judge Cercone and find that communications between debt-collectors and consumers' attorneys are not subject to the "least sophisticated consumer" standard of the FDCPA.[4] The communications between debt-collectors and consumers' attorneys should not be held to the same standard as communications between debt-collectors and consumers under the FDCPA. The majority of courts have held that communications between debt-collectors and consumer's attorneys are not subject to the FDCPA and Marshall fails to state a claim under this rule because the alleged conduct is not a violation of the FDCPA.

Even under the more lenient "competent attorney" standard, Marshall fails to state a claim on which relief can be granted.[5] Marshall claims that Bailey "misrepresented herself as if

---

[4] However, even if such standard applied, I note that it is doubtful that Marshall has a claim under the "least sophisticated consumer" standards of the FDCPA.

Marshall also argues that the least sophisticated consumer standard should be used because the attorney is the agent of their client and thus "the rights of the consumer devolve upon the attorney, since the rights of the principal are automatically the rights of the agent." Marshall provides no authority to support this assertion.

Marshall further argues that allowing different standards for communications between debt-collectors attorneys could subject attorneys to "obscene or even pornographic messages." The FDCPA does not normally preempt state tort law. See, e.g., Colorado Capital v. Owens, 227 F.R.D. 181, 191 (E.D. N.Y. 2005), holding that the FDCPA did not preempt claims of negligence or fraud; Virgil v. Reorganized M.W. Co., 156 F. Supp.2d 624, 631 (S.D. Miss. 2001), finding that "no court has held that the FDCPA completely preempts applicable state law or even preempts the field." Marshall has not alleged such communications are at issue, but if his fears are realized and he is subject to pornographic communications from debt-collectors, he may still find relief through state tort law because the FDCPA is not the exclusive avenue for relief.

[5] Marshall does not allege that Portfolio Recovery was making false representations, so the Evory test does not support applying the "unsophisticated consumer" standard. See Evory,

7

she were a friend," "failed to provide a meaningful identification" and was "rude" and "annoying."  Neither bad manners nor "friendly" representations are capable of misleading a competent lawyer.  Marshall's claim that Bailey withheld "a meaningful identification" is vitiated by the fact that he "hung up on her" before she could finish her "annoying speech."[6]  The alleged "annoying speech" could have contained all the information that Marshall claims that Bailey withheld.  This conduct would not deceive a competent attorney.

Because I find that Marshall fails to state a claim under either the majority rule that communications between debt-collectors and attorneys are not subject to the FDCPA or the Seventh Circuit's "competent attorney" standard, I need not decide which test applies.  Therefore, I will grant judgment on the pleadings to the defendants for the FDCPA claims.

II.       "State Act" Claims

Under 28 U.S.C. § 1367(c), "district courts may decline to exercise supplemental jurisdiction" over a state law claim if "the claim raises a novel or complex issue of State law . . . [or] the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).  "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."  Carlsbad Technology, Inc. v. HIF Bio, Inc., 129 S. Ct. 1862, 1866 (2009)  As I have granted defendants' motion for judgment on the pleadings on all claims over which this Court has original jurisdiction, I decline to exercise supplemental jurisdiction over plaintiff's "state Act" claim.  I will thus dismiss

---

505 F.3d at 776.

[6] Furthermore, the FDCPA does not provide a cause of action for failing to provide a "meaningful identification."

plaintiff's "state Act" claim without prejudice.

### III.     Award of Attorneys' Fees

Bailey and Portfolio Associates claim that because "[i]t is readily apparent on the face of the complaint that Plaintiff has no cause of action against the Defendants, and has brought this complaint to harass Defendants" that "sanctions must be awarded" pursuant to 15 U.S.C. § 1692k(a)(3). Section 1692k(a)(3) reads, in relevant part: "[o]n a finding by the court that an action under [the FDCPA] was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney[s'] fees reasonable in relation to the work expended and costs."

"This provision should be construed narrowly as not to discourage private litigation under the FDCPA." Kondratick v. Beneficial Consumer Disc. Co., 2006 WL 305399, at *10 n.4 (E.D. Pa. Feb. 8, 2006), citing Ayres v. Nat'l Credit Mgmt. Corp., 1991 WL 274695, at *1 (E.D. Pa. Dec. 17, 1995). "For an award to be made, 'there must be evidence that the plaintiff knew that his claim was meritless and that plaintiff pursued his claims with a purpose of harassing the defendant.'" Allers-Petrus v. Columbia Recovery Group, LLC., 2009 WL 1160061, at *1 (W.D. Wash. Apr. 29, 2009), quoting Gorman v. Wolpoff & Abramson, LLP, 435 F. Supp.2d 1004, 1013 (N.D. Cal. 2006). The provision "appears designed to thwart efforts of a consumer to abuse the statute and avoid responsibility to pay a legitimate debt." Parker v. Pressler & Pressler, LLP, 2009 WL 1917410, at *16 (D. N.J. June 30, 2009).

There is nothing in the record before me tending to show that Marshall knew that his claim was meritless. Nor is it likely that he is using this litigation to evade a legitimate debt or harass defendants. Marshall's claim hinged on a determination of whether communication

9

between a debt-collector and a debtor's attorney was subject to the FDCPA, a novel issue in this Court. I therefore cannot find the requisite bad faith required by the statute and will deny defendants' request for attorneys' fees.

An appropriate Order follows.